Lee Charles MILLSAP, Jr., also known
as Solomon Lee, Appellant,

v.

JEFFERSON COUNTY; Lincoln County, Arkansas; Ray Hobbs, Chief Deputy Director, Jefferson and Lincoln County Department of Correction; Larry May, Deputy Director, Jefferson and Lincoln County Department of Correction; Tiffanye Compton, Secretary, Arkansas Department of Correction; Rick L. Toney, Warden, Varner Super Max, ADC; James Banks, Assistant Warden, Varner Super Max, ADC; Randall Manus, Assistant Warden, Varner Super Max, ADC; Jim W. Via, Captain, Varner Super Max, ADC; T. Brown, Administrative Review Officer, Varner Super Max, ADC; J. Co–II, Varner Super Max, ADC; S. Jordan, Security Officer, Varner Super Max, ADC; B. Smallwood, Mail Room Supervisor, Varner Super Max, ADC; S. Brasfield, Mail Room Supervisor, Varner Super Max, ADC, Appellees.

No. 03–1235.

United States Court of Appeals,
Eighth Circuit.

Submitted July 24, 2003.

Decided Dec. 23, 2003.

Jenniffer Morris Horan, Omar F. Greene, II, Federal Public Defender's Office, Little Rock, AR, for Plaintiff–Appellant.

Lee Charles Millsap, Jr., pro se, Brickey, AR, Plaintiff–Appellant.

Before LOKEN, Chief Judge, BYE, and MELLOY, Circuit Judges.

PER CURIAM.

Arkansas inmate Lee Charles Millsap, Jr., appeals the district court's order denying his in forma pauperis (IFP) application after determining Millsap had three or more "strikes" under 28 U.S.C. § 1915(g) (i.e., previous actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted), and dismissing his civil rights complaint for his failure to prepay the filing fee. Millsap argues some of his previous actions were dismissed without prejudice merely for lack of administrative exhaustion, and should not count as "strikes" under section 1915(g).

We agree in part, and make this distinction. In one case, an inmate may allege exhaustion in the complaint but still face dismissal because the procedural history of the case reveals an actual failure to exhaust administrative remedies. In another case, an inmate's complaint may be dismissed for simply failing to *allege* exhaustion in the complaint. We believe the former should not count as a strike under section 1915(g), but the latter should because the complaint fails to state a claim upon which relief can be granted. *See Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (holding plaintiff who did not allege exhaustion of administrative remedies failed to state a claim).

The record before us indicates Millsap had two previous actions dismissed for failure to exhaust. But we cannot tell whether those complaints were dismissed because Millsap failed to allege exhaustion, or whether one or both complaints were dismissed for an actual failure to exhaust

notwithstanding an allegation of exhaustion. We therefore remand for additional proceedings consistent with this opinion.